In the Matter of M. THOMAS KURIAKOSE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 12, 1991

APPEARANCES OF COUNSEL

*Gary L. Casella (Gary D. Egeman* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with 16 allegations of professional misconduct. The petitioner withdrew Charges One, Three, Eight, Nine, Ten, Eleven and Twelve prior to the hearing. The Special Referee sustained the remaining nine charges (Charges Two, Four, Five, Six, Seven, Thirteen, Fourteen, Fifteen and Sixteen). The petitioner moves to confirm the report of the Special Referee.

Charge Two alleged that the respondent failed to file a retainer statement with the Office of Court Administration for a personal injury action he was retained to handle, as required by the rules governing the conduct of attorneys of the Appellate Division, Second Judicial Department § 691.20 (22 NYCRR 691.20).

Charge Four alleged that the respondent has been guilty of conduct that is prejudicial to the administration of justice. On or about August 7, 1987, the respondent had his client execute a power of attorney in his favor, which prevented his client from making the ultimate decisions regarding her litigated matter.

Charge Five alleged that the respondent aided and abetted the unauthorized practice of law. The respondent allowed an employee, who had not been admitted to the practice of law in New York or in any other State, to consult with a client and to prepare legal papers for the client. The client was unaware of the fact that the employee was not admitted to the practice of law.

Charge Six alleged that the respondent failed to communicate with a client regarding the status of a legal matter and abandoned his client. The respondent rarely answered his

telephone and then changed his telephone number and office location without notice to his client.

Charge Seven alleged that the respondent neglected a legal matter entrusted to him to the prejudice of his client. On or about October 8, 1986, the respondent was retained to pursue a civil appeal in the Appellate Division, First Judicial Department. By order dated April 2, 1987, that court, *sua sponte,* dismissed the appeal as a result of the respondent's neglect.

Charge Thirteen alleged that the respondent failed to cooperate with an investigation of the Grievance Committee. The Grievance Committee sent a letter dated June 6, 1988, to the respondent, requesting that he submit an answer to a pending complaint within 10 days. When the respondent failed to submit an answer, the Grievance Committee sent another letter, by certified mail, dated June 21, 1988, requesting an answer within three days. The respondent again failed to submit an answer. The respondent was subsequently personally served with a subpoena ad testificandum and subpoena duces tecum, requiring his appearance at the office of the Grievance Committee with certain records. The respondent finally appeared on the return date of the subpoenas.

Charge Fourteen alleged that the respondent failed to cooperate with an investigation of the Grievance Committee. The Grievance Committee sent a letter to the respondent dated July 22, 1988, requesting an answer to another pending complaint within 10 days. When the respondent failed to submit an answer, the Grievance Committee sent a second letter to the respondent, by certified mail, dated August 10, 1988, requiring an answer within three days. The respondent failed to submit an answer. Thereafter, the respondent appeared at the offices of the Grievance Committee on August 23, 1988, pursuant to subpoenas personally served upon him.

Charge Fifteen alleged that the respondent failed to cooperate with an investigation of the Grievance Committee. By letter dated February 21, 1989, the Grievance Committee requested that the respondent submit an answer to another pending complaint. When the respondent failed to submit an answer, the Grievance Committee sent a second letter dated March 8, 1989 by certified mail, requiring an answer within 10 days. Although the second letter was received by the respondent prior to March 16, 1989, he did not submit an answer until November 6, 1989.

Charge Sixteen alleged that the respondent practiced law

while under suspension. The order of suspension of the Appellate Division, Second Judicial Department, dated September 25, 1989, was personally served on the respondent on October 11, 1989. In or about January 1990, the respondent represented the purchasers in a real estate transaction. The clients terminated the relationship within a short period of time when they became aware of the respondent's suspension from the practice of law.

After reviewing all the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the respondent's prior disciplinary record, to wit, a letter of caution dated February 11, 1982 and two letters of admonition dated February 2, 1988, all for failure to cooperate with investigations of the Grievance Committee. The respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred forthwith.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, M. Thomas Kuriakose is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that M. Thomas Kuriakose shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, M. Thomas Kuriakose is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.